# No. 21-1303

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

THEIA TECHNOLOGIES LLC,
An Oregon Domestic Limited Liability Company
*Plaintiff - Appellee,*

v.

THEIA GROUP INC., A Delaware Corporation;
THEIA HOLDINGS A, INC., A Delaware Corporation,
*Defendants - Appellants.*

---

Appeal from the U.S. District Court, Eastern District of Pennsylvania,
Case No. 2:20-cv-00097, Hon. Gene E.K. Pratter

---

## DEFENDANTS-APPELLANTS THEIA GROUP, INCORPORATED AND THEIA HOLDINGS A, INC.'S MOTION TO SEAL

JENNIFER LEE TAYLOR
NATHAN B. SABRI
SABRINA A. LARSON
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

LENA H. HUGHES
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000

MARK L. WHITAKER
BRIAN R. MATSUI
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C. 20037
Telephone: (202) 887-8784
BMatsui@mofo.com

*Counsel for Defendants-Appellants Theia Group, Incorporated
and Theia Holdings A, Inc.*

Defendants-Appellants Theia Group, Incorporated and Theia Holdings A, Inc. (collectively "Group") request that the Court enter an order sealing portions of their opening appeal brief and documents, or portions of documents, included in the sealed volumes of the appendix pursuant to 3d Cir. L.A.R. 27 and 3d Cir. L.A.R. MISC. 106.1(a) (2011).

## BACKGROUND

Group has appealed the district court's orders enjoining it from using its THEIA marks in connection with its data analytics business. ECF 91.[1] Group seeks to file under seal portions of its opening brief and documents included in the sealed volume of its appendix that contain highly confidential competitive business information. These appendix documents were submitted—and remain—under seal in the district court. Many of these documents have been provisionally filed under seal with this Court in connection with Group's stay motion.

## ARGUMENT

This Court may seal appellate filings and continue the sealing of district court documents. *See* 3d Cir. L.A.R. 106(a), (c)(2). Sealing is authorized where "'the material is the kind of information that courts will protect and . . . disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re*

---

[1] All ECF docket citations are to the ECF entries in the district court, No. 2:20-cv-00097 (E.D. Pa.).

1

*Avandia Mktg., Sales Pracs. and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted). "[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* at 679 (citation omitted).

Sealing is warranted here. The information Group seeks to seal consists of confidential financial valuations; financial transactions with third parties, including agreement terms; financial plans and strategies; highly sensitive interactions, business strategy, and coordination with the United States government; and technical and proprietary information regarding Group's planned satellite network. ECF 78 at 3; ECF 39-3. This information is not otherwise publicly available and the public disclosure of this information would likely cause competitive harm to Group. ECF 78 at 2; ECF 39-3 at 3-4. Disclosure of this information would give an unfair competitive advantage to others, and could jeopardize Group's standing with its business partners. *Id.* This confidential information is also not necessary for the public to understand the issues in this case. ECF 80; ECF 42.

Group accordingly asks this Court to seal the specified portions of Group's filings indefinitely or until the parties agree to unseal them. A complete chart of documents Group seeks to seal, and their grounds for sealing, is attached to this motion.

## CONCLUSION

For the foregoing reasons, Group respectfully asks this Court to grant its motion to file portions of its opening appeal brief and documents, or portions of documents, included in the sealed volumes of its appendix under seal.

Dated:  April 28, 2021                                             Respectfully submitted,

                                                                                        s/ Brian R. Matsui

JENNIFER LEE TAYLOR                          BRIAN R. MATSUI
NATHAN B. SABRI                                    MARK L. WHITAKER
SABRINA A. LARSON                              MORRISON & FOERSTER LLP
MORRISON & FOERSTER LLP              2100 L Street, NW, Suite 900
425 Market Street                                     Washington, D.C. 20037
San Francisco, CA 94105                         Telephone:  (202) 887-8784
Telephone:  (415) 268-7000                    BMatsui@mofo.com

LENA H. HUGHES
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000

## Chart of Sealing Requests

| Document | Basis for Sealing |
|---|---|
| Portions of Appellants' Opening Brief | Refers to confidential financial valuations and terms in business agreements, as set forth in declaration (ECF 77-1). Information sealed by the district court at ECF 80. |
| Portions of July 15, 2020 Preliminary Injunction Hearing Transcript | Refers to proprietary, technical information; confidential pricing, rate, and financial information; partner names; business and negotiation strategy(ECF 39-3); customer and supplier identities; a highly confidential project; non-public and confidential commercial information; and identities of competitor companies (ECF 39-1). Sealed by the district court at ECF 42. |
| Portions of July 16, 2020 Preliminary Injunction Hearing Transcript | Refers to proprietary, technical information; confidential pricing, rate, and financial information; partner names; business and negotiation strategy (ECF 39-3); customer and supplier identities; a highly confidential project; non-public and confidential commercial information; and identities |

| Document | Basis for Sealing |
|---|---|
| | of competitor companies (ECF 39-1). Sealed by the district court at ECF 42. |
| Portions of Exhibit 1 to Decl. of J. Gohman in Support of Joint Motion to Seal (ECF 39-2) | Pertains to customer and supplier identities, commercial information of Theia Technologies that is non-public and confidential, the disclosure of which would cause competitive harm or give an unfair competitive advantage to others; constitutes trade secrets of Theia Technologies; derives independent economic value from not being generally known or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use; subject to reasonable efforts to maintain its secrecy (ECF 39-1). Information sealed by the district court (ECF 42). |
| Portions of Exhibits B-1 and B-2 to Decl. of John Gallagher in Support of Defendant's Motion to Seal Portions of the Evidentiary Hearing Transcript(ECF39-4, ECF 39-5) | Relates to non-public, technical and proprietary information about Group's planned satellite network, public disclosure of which would likely cause competitive harm to Group by allowing current or potential competitors to analyze, imitate, or obstruct Group's |

5

| Document | Basis for Sealing |
|---|---|
| | satellite and data analysis technology; relates to non-public highly sensitive commercial negotiations, partner names, agreements, pricing, rate, and financial terms, and business strategy, public disclosure of which would allow Group's competitors and potential partners to obtain insight into the terms and conditions of Group's past, pending, and future agreements and partners. Relates to non-public, highly sensitive interactions, business strategy, and coordination with the U.S. government, public disclosure of which would allow Group's competitors and potential partners to obtain insight into Group's relationship with the U.S. government and may harm U.S. national security and interests, and likely would impair Group's business coordination with the U.S. government. (ECF 39-3). Information sealed by the district court (ECF 42). |
| Exhibit B to Declaration of E. Olson ISO of Defendants' Response to | Contains sensitive and confidential business and negotiation strategy, |

| Document | Basis for Sealing |
|---|---|
| Plaintiff's New Evidence (ECF 50-5) | identifies proprietary technical information, confidential pricing, rate, and financial information; the public disclosure of this information would likely cause competitive harm to Group, or would likely give an unfair competitive advantage to others. (ECF 51). Sealed by the district court at ECF 52. |
| Exhibits 3 and 6 to Declaration of D. Homen ISO Plaintiff's Response to Defendants' Additional Briefing (ECF 54-4, 7) | Contains sensitive and confidential business and negotiation strategy, identifies proprietary technical information, confidential pricing, rate, and financial information; the public disclosure of this information would likely cause competitive harm to Group, or would likely give an unfair competitive advantage to others (ECF 55-1). Sealed by the district court at ECF 56. |
| Portions of Declaration of Erlend Olson (ECF 77-1) and entirety of three supporting exhibits (ECF 77-2, 77-4 to 77-10) | Refers to financial valuations, highly-sensitive agreements, pricing, and other financial information, the disclosure of which court jeopardize Group's relationships with business partners. |

| Document | Basis for Sealing |
| --- | --- |
| | Sealed by the district court at ECF 80. |
| Exhibits A through E to the Declaration of P. Carroll in Support of Defendants' Memorandum Regarding Preliminary Injunction Bond (ECF 77-12 to 77-16) | Contain detailed listings from the company's accounting records as well as specific amounts that the company has paid for certain deliverables; public disclosure would cause competitive harm to the Group (ECF 78). Sealed by the district court at ECF 80. |
| Plaintiff's PI Ex. 19 (Theia Group Overview Brief) | Refers to non-public, technical, and proprietary information about Group's planned satellite network, disclosure of which would likely cause competitive harm to Group by allowing competitors to analyze, imitate, or obstruct Group's satellite and data analysis technology. *See* ECF 39-3. Submitted under seal to the district court and never placed on the public docket. |
| Plaintiff's PI Ex. 26 (Introductory Brief Slideshow) | Refers to non-public, technical, and proprietary information about Group's planned satellite network, disclosure of which would likely cause competitive harm to Group by allowing competitors to analyze, imitate, or obstruct Group's satellite and data analysis technology. |

| Document | Basis for Sealing |
|---|---|
|  | *See* ECF 39-3. Submitted under seal to the district court and never placed on the public docket. |
| Defendant's PI Ex. 3 (Letter) | Refers to non-public, highly sensitive interactions, business strategy, and coordination with the U.S. government. *See* ECF 39-3. Submitted under seal to the district court and never placed on the public docket. |
| Defendant's PI Ex. 4 (Letter) | Refers to non-public, highly sensitive commercial negotiations, partner names, agreements, pricing, rate, and financial terms, and business strategy, disclosure of which would allow Group's competitors and potential partners to obtain insight into the terms and conditions of Group's past, pending, and future agreements and partners. *See* ECF 39-3. Submitted under seal to the district court and never placed on the public docket. |
| Defendant's PI Ex. 5 (Master Program Partner Agreement) | Refers to non-public, highly sensitive commercial negotiations, partner names, agreements, pricing, rate, and financial terms, and business strategy, |

| Document | Basis for Sealing |
|---|---|
|  | disclosure of which would allow Group's competitors and potential partners to obtain insight into the terms and conditions of Group's past, pending, and future agreements and partners. *See* ECF 39-3. Submitted under seal to the district court and never placed on the public docket. |
| Defendant's PI Ex. 6 (Memorandum of Agreement) | Refers to non-public, highly sensitive commercial negotiations, partner names, agreements, pricing, rate, and financial terms, and business strategy, disclosure of which would allow Group's competitors and potential partners to obtain insight into the terms and conditions of Group's past, pending, and future agreements and partners. *See* ECF 39-3. Submitted under seal to the district court and never placed on the public docket. |
| Defendant's PI Ex. 11 (Theia Group Introductory Brief) | Refers to non-public, technical, and proprietary information about Group's planned satellite network, disclosure of which would likely cause competitive harm to Group by allowing competitors |

| Document | Basis for Sealing |
|---|---|
|  | to analyze, imitate, or obstruct Group's satellite and data analysis technology. *See* ECF 39-3.  Submitted under seal to the district court and never placed on the public docket. |

# CERTIFICATE OF TYPE-VOLUME LIMITATIONS AND TYPEFACE REQUIREMENTS, BAR MEMBERSHIP, AND ELECTRONIC VIRUS CHECK

I hereby certify that the foregoing motion complies with the type-volume limitations of Federal Rules of Appellate Procedure 27 and 32 because it contains 457 words.

This motion complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, including serifs, using Microsoft Word 2016 in Times New Roman 14-point font.

Pursuant to Local Appellate Rule 28.3(d), I hereby certify that I am an active member in good standing of the Bar of the Court of Appeal for the Third Circuit, having last renewed my membership on February 12, 2021.

Pursuant to Local Appellate Rule 31.1(c), I hereby certify that the virus detection program Windows Defender was run on the electronic file containing this motion and no virus was detected.

Dated:  April 28, 2021                                                s/ Brian R. Matsui

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on April 28, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 28, 2021                                              s/ Brian R. Matsui

ny-2038632